## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

| | |
|---|---|
| CHRISTIAN CONCEPCION, for himself and others similarly situated,<br><br>v.<br><br>TRAINCROFT, INC. | Case No. _____ |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Christian Concepcion works as an aircraft mechanic in Roswell, New Mexico.

2. He is a W-2 employee of Traincroft, Inc.

3. Traincroft pays Concepcion $26 an hour.

4. But Traincroft does not pay Concepcion time and a half when he works more than 40 hours in a week.

5. Instead, Traincroft pays Concepcion the same hourly rate ($26) for all hours worked, including those over 40 in a workweek.

6. This "straight time for overtime" pay plan violates the Fair Labor Standards Act (FLSA) and New Mexico Minimum Wage Act (NMMWA).

7. Concepcion brings this class and collective action to recover the unpaid overtime and other damages owed to himself and others similarly situated.

### JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. This Court also has original subject matter jurisdiction under 28 U.S.C. § 1332(d) because: (a) Concepcion and Traincroft are citizens of different states; (b) the matter in controversy exceeds $5,000,000; and (c) the number of members of all proposed classes is at least 100.

10. This Court also has subject matter jurisdiction over the state law claims because they arise from a common nucleus of relevant facts along with the federal claim alleged.

11. This Court has general personal jurisdiction over Traincroft.

12. Traincroft is a Massachusetts corporation.

13. Traincroft is headquartered in Medford, Massachusetts.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Traincroft is resident of this judicial district and a significant portion of the facts giving rise to this lawsuit occurred in this District and Division.

## PARTIES

15. Concepcion is an employee of Traincroft.

16. His written consent is attached.

17. Traincroft bills itself as "a complete, integrated logistics support company." https://www.traincroft.com/

18. Traincroft' gross revenues have exceeded $1,000,000 in each of the past 3 years.

19. Traincroft's employees routinely use, handle, sell, or work on vehicles, aircraft, hand tools, equipment, cleaning supplies, and telephones that were produced for, and/or actually traveled in, interstate commerce.

20. Traincroft is a "covered enterprise" under the FLSA.

21. Traincroft employed Concepcion.

22. Traincroft can be served through its registered agent, Michael Tringale, Zero Governors Ave, Suite 38, Medford, Massachusetts 02155.

**FACTS**

23. Traincroft operates a "full-service staffing firm[.]"

https://www.traincroft.com/logistics/staffing.shtml

24. It "staffs" workers out to a broad range of industries, including the aerospace, engineering, medical, and design & drafting industries.

https://www.traincroft.com/logistics/personnel.shtml

25. For example, Traincroft's staffing services include providing workers, like Concepcion, who are aircraft mechanics.



26. But regardless of the industry or position, Traincroft's staffed workers generally work at Traincroft's clients' locations.

27. While at a client location, Traincroft employees are subject to the client's supervision and control (including, e.g., control over hours worked and the manner in which the work is performed).

28. Traincroft tells its employees that the customer "determines your work location and hours."

29. Traincroft's clients also typically provide the tools and material necessary to perform the work.

30. The workers covered by this lawsuit are Traincroft's W-2 employees.

3

31. Traincroft pays these workers by the hour.

32. But Traincroft does not pay them overtime.

33. Instead, Traincroft pays these workers at the same hourly rate for all the hours they work, including hours in excess of 40 in a week.

34. Concepcion is an hourly employee of Traincroft.

35. Traincroft hired Concepcion in September 2020.

36. Concepcion works as an aircraft mechanic.

37. Traincroft pays Concepcion $26 an hour.

38. Traincroft does not pay him overtime.

39. Instead, Traincroft pays Concepcion according to its straight time for overtime policy.

40. For example, Concepcion worked 60.5 hours in the week ending on December 6, 2020.

41. But Traincroft did not pay him time and a half for hours for the hours over 40 worked in that week.

42. Instead, Traincroft paid Concepcion at the same hourly rate ($26) for all 60.5 hours worked.

43. Concepcion worked 45 hours in the week ending on November 1, 2020.

44. But Traincroft did not pay him overtime for that week.

45. Instead, Traincroft paid Concepcion $26 an hour for all 45 hours worked.

46. Because of Traincroft's straight time for overtime plan, Concepcion never receives any overtime premium.

47. Making matters worse, Traincroft tries to mask its overtime violations by doctoring it payroll records to give the appearance of paying overtime.

48. Traincroft uses a well-known ploy for evading the FLSA's overtime requirements, it mislabels most of its hourly wages as an hourly "per diem."

49. When he was hired, Traincroft labeled Concepcion's "Taxable Wage Per Hour" as "$9.00 for the first 40 hours" (remember, Concepcion is an aircraft mechanic).

50. But Traincroft also paid him a "Per Diem Rate Per Hour" of "$17.00 for the first 40 hours **only**" (emphasis in original).

51. This "Per Diem" is tied to the number of hours Concepcion worked.

52. For example, Concepcion worked 38.5 hours in the week ending December 13, 2020.

53. Traincroft's "Per Diem" for that week equaled $654.50 (that is $17/hr times 38.5 hours).

54. Between his "Taxable Wage Per Hour" and his "Per Diem Rate Per Hour," Concepcion's actual "regular rate" was $26 an hour. 29 U.S.C. § 207(e).

55. Traincroft pays Concepcion on "Overtime Rate Per Hour" of "$26.00"—not the $39/hour required by the FLSA and NMMWA.

56. Further confirming that this "Taxable Wage" and hourly "Per Diem" is a device to avoid the FLSA and NMMWA, Traincroft alters the ratio of "Taxable Wage" and "Per Diem" to maintain the $26/hr regular rate of pay.

57. When New Mexico increased its minimum wage, Traincroft raised Concepcion's "Taxable Wage" to $10.50, but dropped his "Per Diem" to $15.50 an hour.

58. Concepcion reported his hours to Traincroft.

59. Traincroft's records reflect the hours Concepcion worked each week.

60. Despite knowing Concepcion was regularly working overtime, Traincroft did not pay him overtime.

61. Traincroft simply paid the applicable straight time rate without any overtime premium whatsoever.

62. Rather than receiving time and half as required by the FLSA and New Mexico law, Concepcion only received "straight time" pay for his overtime hours.

63. This "straight time for overtime" payment scheme violates the FLSA and New Mexico law.

64. Traincroft applied this same straight time for overtime payment scheme to all the class members Concepcion seeks to represent.

65. Just as Traincroft maintained records of the hours Concepcion worked, it maintained records of the hours worked of the other employees like him.

66. Traincroft knew the FLSA required it to pay overtime to workers like Concepcion.

67. Traincroft nonetheless failed to pay overtime to hourly employees like Concepcion.

68. Traincroft's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA and the New Mexico Minimum Wage Act (NMMWA).

### CLASS & COLLECTIVE ACTION ALLEGATIONS

69. Traincroft's illegal "straight time for overtime" policy extends beyond Concepcion.

70. Traincroft's "straight time for overtime" scheme is the "policy that is alleged to violate the FLSA" in the FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014).

71. Traincroft paid dozens of hourly workers according to the same, common, unlawful scheme.

72. Many of these workers (which total more than 100) worked in New Mexico.

73. Upon information and belief, Traincroft paid more than 50 workers employed in New Mexico according to its straight time for overtime policy.

74. Common questions of fact and law predominate in this action, including: (a) the legality of Traincroft's straight time for overtime pay policy; (b) Traincroft's "good faith" (or lack thereof) in adopting its straight time for overtime pay policy; (c) Traincroft's knowledge of the FLSA's overtime requirements; (d) Traincroft's knowledge of the NMMWA's requirements.

75. Concepcion's claims are typical of the other hourly workers impacted by the Traincroft' "straight time for overtime" scheme because they arise from the application of the identical pay policy.

76. All Traincroft's hourly workers who were paid "straight time for overtime" are similar to Concepcion because they are owed overtime for precisely the same reasons he is.

77. Any differences in job duties do not detract from the fact that all these hourly workers were and are entitled to overtime pay.

78. Concepcion has retained counsel competent and experienced in handling class and collective action litigation.

79. A collective and class action is a superior method for resolving the common questions that predominate in this case.

80. Absent a collective and class action, many workers may never recover as they will be denied the benefits of spreading costs and aggregating claims.

81. The Traincroft workers impacted by the "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

82. Therefore, the FLSA collective is properly defined as:

**All hourly Traincroft employees who were paid "straight time" for overtime at any point in the past 3 years.**

83. Concepcion further seeks certification of a class under Fed. R. Civ. P. 23 to remedy Traincroft's violations of the NMMWA.

84. Traincroft's illegal "straight time for overtime" pay practice is part of a continuing course of conduct, entitling Concepcion and all those similarly situated to him to recover for all such violations of the NMMWA, regardless of the date they occurred. NMSA § 50-4-32.

85. The class of similarly situated employees sought to be certified as a class action under the NMMWA is defined as:

**All hourly Traincroft employees in New Mexico who were paid "straight time" for overtime.**

**CAUSES OF ACTION**

**Count I
Violation of the FLSA**

86. By failing to pay Concepcion and those similarly situated to him overtime, Traincroft violated the FLSA. 29 U.S.C. § 207(a).

87. Traincroft owes Concepcion and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

88. Because Traincroft knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Traincroft owes these wages for at least the past three years.

89. Traincroft is liable to Concepcion and those similarly situated to him for an amount equal to all unpaid overtime as liquidated damages.

90. Concepcion and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## Count II
## Violation of the NMMWA

91. Similarly, by failing to pay Concepcion and those similarly situated to him overtime, Traincroft violated the NMMWA. *See* NMMWA § 50-4-22.

92. Traincroft is subject to the requirements of the NMMWA.

93. Traincroft employed Concepcion and each member of the New Mexico Class as an "employee" within the meaning of the NMMWA.

94. The NMMWA requires employers to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week.

95. Concepcion and each member of the New Mexico Class are entitled to overtime pay under the NMMWA.

96. Concepcion and each member of the New Mexico Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, liquidated damages, treble damages, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper from Defendants.

97. Concepcion and each member of the New Mexico Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the NMMWA.

## **PRAYER FOR RELIEF**

98. Concepcion prays for relief as follows:

   a) An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

   b) An order certifying the New Mexico Class as a class action under Rule 23;

   c) Judgment awarding Concepcion and those similarly situated to him all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

   d) Judgment awarding Concepcion and the New Mexico Class overtime for all worked performed in excess of 40 hours in a workweek, liquidated damages, treble damages, prejudgment interest, all available penalty wages available under the NMMWA;

   e) An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

   f) All such other and further relief to which Concepcion and those similarly situated to him may show themselves to be justly entitled.

Respectfully submitted,

**GORDON LAW GROUP, LLP**

**/s/ Phillip J. Gordon**
_____
Phillip J. Gordon, Mass. BBO# 630989
Kristen M. Hurley, Mass. BBO# 658237
585 Boylston St.
Boston, MA 02116
617-536-1800 – Telephone
617-536-1802 – Facsimile
pgordon@gordonllp.com
khurley@gordonllp.com

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch
Texas Bar No. 24001807
(pro hac vice application forthcoming)
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
(pro hac vice application forthcoming)
**Josephson Dunlap Law Firm**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com

DocuSign Envelope ID: 76C83306-4A6F-427C-8AA6-B238380FECE0

# CONSENT TO JOIN WAGE CLAIM

Print Name: Christian Joel Rodriguez Concepcion

1. I hereby consent to participate in a collective action lawsuit against **Traincroft, Inc** (and their related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: *Christian Joel Rodriguez Concepcion* (DocuSigned by: F0C3AACF294E46C...)